Selendy Gay PLLC
1290 Avenue of the Americas
New York, NY 10104
212.390.9000

Selendy|Gay

Corey Stoughton
Special Counsel
212.390.9036
cstoughton@selendygay.com

July 6, 2026

<u>Via ECF and E-mail</u>

Hon. _____
United States District Judge
c/o Mark B. Busby
Clerk of Court
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   **Re:**   ***Wynn-Williams v. Meta Platforms, Inc.*, No. 4:26-cv-6341 (N.D. Cal.)**

Judge _____ (c/o Mr. Busby),

  We write on behalf of Plaintiff Sarah Wynn-Williams to ask the Court to grant her pending motion for leave to file excess pages, ECF No. 2, so-order Plaintiff's proposed briefing schedule on her motion for a preliminary injunction, and grant her pending motion to substitute counsel, ECF No. 21. More than a week ago, Ms. Wynn-Williams filed a Complaint and time-sensitive motions seeking relief from an unlawful prior restraint on her ability to speak in public. As the parties await assignment to a District Judge, the Defendant, Meta Platforms, Inc. ("Meta"), has rejected good-faith efforts to negotiate an efficient and reasonable briefing schedule, requiring the Court's intervention.

  As described in the Complaint and the motions to vacate and for a preliminary injunction, *see* ECF Nos. 1, 2-2, Ms. Wynn-Williams is a former Facebook employee and whistleblower who disclosed the sexual harassment and corporate misconduct she experienced and witnessed at the company to federal regulators, to Congress, and in her bestselling memoir, *Careless People*. In response, Meta is exploiting improper arbitration proceedings—including a vague and overbroad interim arbitral injunction—to silence her. Ms. Wynn-Williams seeks a preliminary injunction to vacate that interim arbitral injunction as an unconstitutional prior restraint in violation of the First Amendment, and to enjoin the arbitration itself because it is barred by the Ending Forced Arbitration Act, 9 U.S.C. § 402 (the "EFAA"), is estopped by Meta's own public promises, and is impermissible under California law.

Hon. _____ (c/o Mark B. Busby)
July 6, 2026

Ms. Wynn-Williams filed her Complaint and the administrative motion attaching her motions to vacate and for a preliminary injunction on June 25, 2026. Meta was notified of the filing the same day. The next day, on June 26, 2026, Meta informed Ms. Wynn-Williams that it intended to file a motion to compel arbitration and took the position that the Court had no discretion but to decide its motion to compel before considering Ms. Wynn-Williams's motions to vacate and for a preliminary injunction. On June 29, 2026, Ms. Wynn-Williams explained to Meta that its position is incorrect, and in the spirit of compromise and efficiency proposed a consolidated briefing schedule on the filed and contemplated motions, all of which raise or will raise overlapping issues such as the applicability of the EFAA to this action. On July 3, 2026, Meta rejected Ms. Wynn-Williams's proposal. Ms. Wynn-Williams is currently effectuating formal service of the pleadings in this case on Meta.

In light of the foregoing, we respectfully request that the Court:

First, grant Ms. Wynn-Williams's administrative motion for leave to file excess pages, ECF No. 2, for the reasons stated therein—namely that a single filing conserves judicial resources to resolve multiple motions. With the Court's leave, Ms. Wynn-Williams will file those motions promptly after receiving a ruling on her administrative motion.

Second, so-order the following briefing schedule:

- July 13, 2026: Meta's opposition to the motions to vacate and for preliminary injunction and any cross-motion to compel arbitration;

- July 20, 2026: Ms. Wynn-Williams's reply in further support of the motions to vacate and for preliminary injunction and any opposition to any cross-motion to compel arbitration; and

- July 27, 2026: Meta's reply in further support of any cross-motion to compel arbitration.

Third, grant Ms. Wynn-Williams's pending motion to substitute counsel, ECF No. 21.

\*      \*      \*

2

Hon. _____ (c/o Mark B. Busby)
July 6, 2026


       We thank the Court for its attention to this matter.  We are available to appear at a conference at the Court's convenience if the Court has any questions or concerns.

Respectfully submitted,

*/s/ Corey Stoughton*
Corey Stoughton
Special Counsel
Selendy Gay PLLC

*Counsel for Plaintiff Sarah Wynn-Williams*

Cc:    Mathew S. Rosengart, Greenberg Traurig LLP
       Jonathan F. Cohn and Mary Elizabeth Miller, Lehotsky Keller Cohn LLP

       Meta's Counsel of Record in *Meta Platforms, Inc. v. Wynn-Williams*, AAA Arb. No. 01-25-0001-2843