Mathew S. Rosengart (SBN CA 255750)
Mark D. Kemple (SBN CA 145219)
Alex Linhardt (SBN CA 303669)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
rosengartm@gtlaw.com
kemplem@gtlaw.com
linhardta@gtlaw.com

Jonathan F. Cohn (DC 476551) (admitted *pro hac vice*)
Mary Elizabeth Miller (DC 252694) (admitted *pro hac vice*)
200 Massachusetts Ave., NW, Suite 700
Washington, DC 20001
William T. Thompson (TX 24088531) (admitted *pro hac vice*)
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
LEHOTSKY COHN LLP
Telephone: (512) 693-8350
Facsimile: (512) 727-4755
jon@lehotskycohn.com
mary@lehotskycohn.com
will@lehotskycohn.com

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SARAH WYNN-WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | CASE NO. 4:26-CV-06341<br><br>**META PLATFORMS, INC.'S MOTION TO ENLARGE TIME PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION (CIVIL L.R. 6-3)**<br><br>Complaint Filed Date: June 25, 2026 |

## NOTICE OF MOTION AND MOTION TO ENLARGE TIME

PLEASE TAKE NOTICE that, pursuant to Civ. L.R. 6-3, Defendant Meta Platforms, Inc., ("Meta"), will and hereby does move the Court, for an order enlarging the time for Meta to respond to Plaintiff Sarah Wynn-Williams' Complaint (ECF No. 1) and any other interim deadlines until thirty (30) days after the resolution of Meta's Motion to Compel Arbitration and Stay Further Proceedings, filed on July 6, 2026, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authority, the attached declaration, all other papers filed in the action, and the arguments of counsel.

*Both parties have declined magistrate judge jurisdiction, and thus the parties are currently awaiting their judicial reassignment. To the extent the assigned judge has guidelines governing the format of this motion, Meta will promptly file an amended motion following reassignment.*

Dated: July 7, 2026

Respectfully submitted,

/s/ *Alex Linhardt*

Jonathan F. Cohn* (DC 476551)
Mary Elizabeth Miller* (DC 252694)
200 Massachusetts Ave., NW, Suite 700
Washington, DC 20001
William T. Thompson* (TX 24088531)
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
LEHOTSKY COHN LLP
Telephone: (512) 693-8350
Facsimile: (512) 727-4755
jon@lehotskycohn.com
mary@lehotskycohn.com
will@lehotskycohn.com

*Attorneys for Defendant Meta Platforms, Inc.*

* Admitted *pro hac vice*.

Mathew S. Rosengart (SBN CA 255750)
Mark D. Kemple (SBN CA 145219)
Alex Linhardt (SBN CA 303669)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
rosengartm@gtlaw.com
kemplem@gtlaw.com
linhardta@gtlaw.com

*Attorneys for Defendant Meta Platforms, Inc.*

META PLATFORMS, INC.'S MOTION TO ENLARGE TIME, CASE NO. 4:26-CV-06341

**INTRODUCTION**

After pressing her claims and seeking relief in arbitration for over a year, Plaintiff Sarah Wynn-Williams ("Wynn-Williams") now attempts to enjoin that process just months before the final merits arbitration hearing. She has no basis for doing so. As discussed in Meta's motion to compel, this Court should compel arbitration and stay all proceedings in this suit. *See* Dkt. 28.

In the meantime, Meta respectfully requests that the Court enlarge the time to respond to Plaintiff's complaint (and any motion for a preliminary injunction) until 30 days after the Court resolves Meta's motion to compel arbitration. Courts regularly postpone merits proceedings to address motions to compel arbitration. Indeed, the Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3-4).

An enlargement of time promotes judicial economy by avoiding litigation that never should have been filed in this Court in the first place. Wynn-Williams has no basis to object to an enlargement of time considering that she *waited over 15 months* to file her complaint. Any purported prejudice is the result of her own conscious choice to actively participate in the arbitration and then file here only when she stopped liking her odds of success in arbitration.

Contrary to Wynn-Williams' July 6 letter, Dkt. 23, Meta contacted her counsel to discuss a reasonable briefing schedule for Meta's motion to compel, as well as a stay of interim deadlines. Her counsel refused to engage. The Court should grant this Motion and stay any interim deadlines while it resolves Meta's motion to compel arbitration of this matter.

**BACKGROUND**

In 2017, Wynn-Williams, represented by counsel, negotiated and signed a Severance Agreement with Meta, under which she received $780,000, plus other benefits, and she agreed not to make disparaging statements regarding Meta. *See* Linhardt Decl., Ex. A §§ 2, 9. She further agreed to arbitrate any disputes arising out of that agreement. *Id.* § 16(d). Last year, Meta learned Wynn-Williams intended to publish a book replete with disparaging statements, and Meta promptly filed an arbitration demand. Linhardt Decl. ¶ 5. The arbitration has been ongoing for

1

over 15 months; the final merits hearing is set for this fall. *Id.* ¶¶ 5, 10. Wynn-Williams filed her own claim in the arbitration, propounded over 140 discovery requests, and repeatedly asked the arbitrator to rule on arbitrability and her many (meritless) defenses. *Id.* ¶¶ 6-9.

On June 25, 2026, after 15 months, Wynn-Williams filed suit in this Court, without notice to Meta or the arbitrator. Dkt. 1. She also filed a motion for administrative relief to exceed the page limits for a preliminary injunction motion. Dkt. 2. That administrative motion is pending, meaning her preliminary injunction motion has not been filed.[1] The next day, Meta's counsel engaged with Wynn-Williams' counsel to stipulate to a potential waiver of service of the complaint, a briefing schedule on Meta's motion to compel arbitration, and a stay of interim deadlines—noting courts consistently prioritize motions to compel arbitration. *See* Linhardt Decl., Ex. B at 2. Wynn-Williams' counsel rejected Meta's proposal, instead suggesting the parties engage in simultaneous briefing on a schedule *shorter* than those contemplated by the Local Rules. *Id.* at 1-2. Meta further engaged; Wynn-Williams did not respond. *Id.* at 1. Instead, on July 6, she filed a non-compliant letter to the Clerk's Office, seeking additional relief (and misrepresenting Meta's efforts). Dkt. 23. She does so despite having failed to even serve her Complaint. *Id.* at 2. That same day, Meta moved to compel arbitration. Dkt. 28.[2]

## ARGUMENT

Now that Meta has filed its motion to compel arbitration, the Court should stay any interim deadlines. *First*, Meta's motion to compel raises threshold issues that should be decided before the parties engage in motions practice. Under the FAA, the parties' arbitration agreement "shall be valid, irrevocable, and enforceable," 9 U.S.C. § 2, and Wynn-Williams' claims should be referred to the already ongoing arbitral proceedings, *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). The FAA further provides that when a suit is "referable to arbitration," the court "shall . . . stay the trial of the action until such arbitration has been had."

---

[1] For 11 days, Wynn-Williams failed to submit the required form consenting or declining magistrate judge's jurisdiction, despite an additional notice from the Clerk's Office on June 29, 2026 directing her to do so. Dkt. 20.

[2] Meta has not previously sought any modifications of dates or deadlines in this matter.

META PLATFORMS, INC.'S MOTION TO ENLARGE TIME, CASE NO. 4:26-CV-06341

9 U.S.C. § 3. The Court's role is thus "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[T]he Act leaves no place for the exercise of discretion by a district court . . . ." *Dean Witter*, 470 U.S. at 218 (citing 9 U.S.C. §§ 3-4).

Unsurprisingly, courts routinely address motions to compel arbitration before deciding other motions. *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 912 (N.D. Cal. 2020), *aff'd*, 2022 WL 474166 (9th Cir. Feb. 16, 2022) ("It would not be appropriate to plow ahead on the motion for a preliminary injunction before ruling on Lyft's motion to compel" arbitration.); *Capriole v. Uber Techs., Inc.*, 460 F. Supp. 3d 919, 927 (N.D. Cal. 2020) (concluding it would be "improper" to consider request for injunctive relief before deciding defendant's motion to compel arbitration); *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 867 (9th Cir. 2021) (affirming district court's "refusal to adjudicate [plaintiffs'] preliminary injunction motion" before defendant's motion to compel arbitration); *see also Hawkins v. Fishbeck*, 301 F. Supp. 3d 650, 655 n.3 (W.D. Va. 2017) ("This Court must consider the motion to compel arbitration before ruling on the motion to dismiss."); *Edmondson v. Lilliston Ford, Inc.*, 593 F. App'x 108, 109 (3d Cir. 2014) (directing district court to "decide the motion to compel [arbitration] before . . . the motion to dismiss").

*Second*, Civil L.R. 6-3 authorizes a motion to enlarge time. "A court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Ramos v. Amazon.com, Inc.*, 2026 WL 1045665, at *4 (C.D. Cal. Apr. 17, 2026). That "power to stay proceedings" is "incidental to" the court's power "to control the disposition of cases on its docket with economy of time and effort." *In re Apple iPhone 3G Prods. Liab. Litig.*, 2010 WL 9517400, at *1 (N.D. Cal. Dec. 9, 2010); *see CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (similar).

Courts in this circuit regularly stay merits proceedings to address motions to compel arbitration. *CMAX, Inc.*, 300 F.2d at 268; *see, e.g.*, *Steiner v. Apple Comp., Inc.*, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007) (staying case obligations under court's existing scheduling order pending arbitration motion and collecting cases); *Ellison Framing, Inc. v. Zurich*

3

*Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012-13 (E.D. Cal. 2011) (allowing stay in lieu of answer while arbitration motion was pending); *Norcia v. Samsung Telecomms. Am., LLC*, No. 3:14-cv-00582 (June 18, 2014 N.D. Cal.), ECF No. 24 (staying defendants' obligation to respond to the plaintiff's complaint "pending the Court's ruling on the arbitration motion").

Given that this Court must consider Meta's motion to compel arbitration first, there is no need for the parties to engage in other motions practice—all of which may prove unnecessary and a waste of judicial and party resources. *See, e.g.*, *Anderson v. Optum Servs., Inc.*, 2024 WL 4589910, at *3 (E.D. Cal. Oct. 28, 2024) ("[T]he orderly course of justice is best served by granting a stay" pending ruling on a motion to compel arbitration because "there is a tangible concern about the potential for unnecessary expenditure of the parties' (and the Court's) limited resources."). "A court must weigh the competing interests which will be affected by granting or refusing to grant a stay." *In re Apple iPhone 3G Prods. Liab. Litig.*, 2010 WL 9517400, at *1. Here, absent a stay, the prejudice to the parties and the Court is significant because they will incur the expense and burden of potentially unnecessary briefing. *See Anderson*, 2024 WL 4589910, at *2 ("In the context of stays pending resolution of a motion to compel arbitration, courts find that the prejudice of delay, if any, 'is outweighed by the potential prejudice that would result from further litigation of claims which may ultimately be subject to arbitration.'") (quoting *In re Apple iPhone 3G Prods. Liab. Litig.*, 2010 WL 9517400, at *2). Nor is there any prejudice to Wynn-Williams from a modest stay, because she chose to actively litigate her claim and defenses in front of the arbitrator. *Ramos*, 2026 WL 1045665, at *7 ("Plaintiffs' generalized objection, understood against the backdrop of the considerable fact discovery the parties have already completed, is insufficient to show prejudice."). She specifically asked him to address arbitrability and her constitutional and statutory arguments on the merits. *See* Decl. ¶¶ 6, 8. Only after 15 months and receiving unfavorable results did she decide she would rather be in this impermissible forum. Any delay is the result of her own conscious choices.

In rejecting Meta's proposed stipulation, Wynn-Williams cited one case, but that case is inapposite. *Hebei Hengbo New Materials Tech. Co. v. Apple, Inc.*, 344 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018); *see* Linhardt Decl., Ex. B at 1. In *Hengbo*, the plaintiff filed a complaint in

4

federal court, and months later, after the defendant's motion to dismiss was fully briefed, the plaintiff changed its mind and moved to compel arbitration. In this "unique situation," the court said it was "in the interest of efficiency" to decide the motions simultaneously. 344 F. Supp. 3d at 1120. But, even so, the court "turn[ed] *first* to the Motion to Compel Arbitration," and addressed the motion to dismiss only *after* finding that the plaintiff waived its rights to arbitrate by filing and litigating in federal court. *Id.* (emphasis added). Here, by contrast, the parties participated in arbitration for 15 months, and any waiver was by Wynn-Williams, who raised her claim and defenses in that forum and repeatedly asked the arbitrator to rule on arbitrability and the merits of arguments.

## CONCLUSION

For the foregoing reasons, this Court should grant Meta's motion and stay all interim deadlines until 30 days after the Court decides Meta's Motion to Compel Arbitration.

Dated: July 7, 2026

Jonathan F. Cohn* (DC 476551)
Mary Elizabeth Miller* (DC 252694)
200 Massachusetts Ave., NW, Suite 700
Washington, DC 20001
William T. Thompson* (TX 24088531)
7500 Rialto Blvd., Suite 1-250
Austin, TX 78735
LEHOTSKY COHN LLP
Telephone: (512) 693-8350
Facsimile: (512) 727-4755
jon@lehotskycohn.com
mary@lehotskycohn.com
will@lehotskycohn.com

*Attorneys for Defendant Meta Platforms, Inc.*

* Admitted *pro hac vice.*

Respectfully submitted,

*/s/ Alex Linhardt*
Mathew S. Rosengart (SBN CA 255750)
Mark D. Kemple (SBN CA 145219)
Alex Linhardt (SBN CA 303669)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90067-2121
Telephone: 310.586.7700
Facsimile: 310.586.7800
rosengartm@gtlaw.com
kemplem@gtlaw.com
linhardta@gtlaw.com

*Attorneys for Defendant Meta Platforms, Inc.*

META PLATFORMS, INC.'S MOTION TO ENLARGE TIME, CASE NO. 4:26-CV-06341