# EXHIBIT Q

LEHOTSKY KELLER COHN LLP

200 Massachusetts Ave. NW
Washington, DC 20001
Jonathan F. Cohn
jon@lkcfirm.com

March 5, 2026

**VIA E-MAIL**

Marcus Quintanilla
Arbitrator
1 Sansome Street, Ste. 1400
San Francisco, California 94104
marcus.quintanilla@msqgdr.com

> RE:     *Meta Platforms, Inc. v. Sarah Wynn-Williams*, No. 01-25-0001-2843

Dear Arbitrator Quintanilla:

We write on behalf of Claimant Meta Platforms, Inc., to notify you of Respondent Sarah Wynn-Williams' ongoing and flagrant violations of the Interim Award through the continued promotion of her book "Careless People." Respondent has participated in a series of events designed to promote and sell her book—during the very period when she has failed to meaningfully participate in this arbitration or identify replacement counsel. Claimant respectfully requests that you set another status hearing in this matter, and order Respondent to show cause why she should not be sanctioned for those intentional violations and to provide additional information to Claimant and you regarding her conduct.

The Interim Award has been in place for nearly a year. After concluding that "Claimant has established a likelihood of success on the merits of its contractual non-disparagement claim against Respondent Wynn-Williams, and that immediate and irreparable loss will result in the absence of emergency relief," the Emergency Arbitrator specifically enjoined Wynn-Williams and entities she controls "from further promoting *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism* on a book tour or otherwise." Interim Award at 3-4.

Despite the clear terms of the Interim Award, Respondent is actively promoting her book. Claimant recently learned Respondent participated in promotional events on,

at least, February 23, February 25, March 2, and March 3. *See* Cohn Decl. Exs. A-F. She has at least one additional event planned for March 6. *See* Cohn Decl. Ex. G.

These events are plainly designed to promote her book. Respondent has appeared at bookstores selling her book for events prominently featuring her book. Photographs from Respondent's events are publicly available:

 

Cohn Decl. Ex. E at 2-3.



Cohn Decl. Ex. D at 3.

The promotional materials also prominently feature Respondent's book:



Cohn Decl. Ex. A at 1.

Attendees are encouraged to buy the book with their tickets: "Buy your tickets today! . . . [T]here is a Ticket & Book option which includes a copy of Careless People by Sarah Wynn-Williams." *Id*. at 2.

3

Respondent is intentionally violating the Interim Award while failing to meaningfully engage in this matter. Respondent has notice that "compliance with the Interim Award" requires her to "stop[] promoting" her book. Emergency Motion to Vacate Interim Award at 3. And there is no doubt that the Interim Award remains in full force and effect. *See* Order Denying Respondent Wynn-Williams' Emergency Motion to Vacate Interim Award. Indeed, the materials promoting these events expressly acknowledge "ongoing legal restrictions," including "a ruling against Sarah . . . preventing her from promoting the book." Cohn Decl. Ex. A at 2, Ex. G at 2.

The fact that Respondent represents she will refrain from directly "speaking about her book" does not bring her conduct into compliance with the Interim Award. Cohn Decl. Ex. G at 2. Promoting her book with a wink and a nod violates the Interim Award no less than an express oral request to purchase the book would. Respondent may not "further promot[e]" her book "on a book tour or otherwise." Interim Award at 4. Nor may she "amplify[] in any forum all such previous 'disparaging, critical or otherwise detrimental comments.'" *Id.* That of course includes using the Interim Award itself as a mechanism to promote her book. *See* Ex. A at 2.

It is now clear why Respondent has not had time to hire counsel or meaningfully participate in the arbitration process: She has made an intentional choice to go on a promotion tour for her book in violation of the Interim Award. Respondent's conduct is contemporaneous with her publishers' release of a paperback version of the book on February 26. Cohn Decl. Ex. H at 9. Respondent's publisher has admitted to operating "in an aura of secrecy" and trying to avoid "potential attempts to quash" the book. *Id.* at 5-6. Accordingly, Claimant respectfully requests you order a status hearing and that Respondent be ordered to show cause why she should not be sanctioned for violating the Interim Award and, in fact, using that Award to promote her book. Given these ongoing violations, Claimant further requests that Respondent provide Claimant and you with the following information:

- The number of her books sold at these promotional events;
- The content of any remarks made by Respondent at these events, including any scripts, notes, or draft questions and answers;
- Payments she received related to these events, including from book sales related to these events;
- All contracts between Respondent and her publishers regarding the book; and
- All communications and documents exchanged with her publishers or the hosts of these events regarding her appearance at the events.

4

Respectfully submitted,


*/s/ Jonathan F. Cohn*


Jonathan F. Cohn

Enclosure

cc:     Sarah Wynn-Williams
        Will Thompson
        Mary Miller
        Mathew Rosengart
        Alex Linhardt

5