# EXHIBIT 2

**INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**
**Emergency International Arbitral Tribunal**

| | |
|---|---|
| Meta Platforms, Inc., <br><br> *Claimant,* <br><br> v. <br><br> Sarah Wynn-Williams; Macmillan Publishers; Flatiron Books, <br><br> *Respondents.* | No. 01-25-0001-2843 |

## <u>INTERIM AWARD</u>

I, Nicholas A. Gowen, the undersigned Emergency Arbitrator, having been designated in accordance with the arbitration agreement entered into between the parties and dated September 06, 2017, and having been duly sworn, and having duly heard the proofs and allegation of the parties, do hereby, award as follows:

The International Centre for Dispute Resolution ("ICDR"), the international division of the American Arbitration Association ("AAA"), appointed the undersigned pursuant to Section O-2 of the Optional Rules for Emergency Measures of Protection of the AAA Employment Arbitration Rules to rule on Claimant's application for emergency relief. The Optional Rules were incorporated into the parties' arbitration agreement.

This dispute arises between Claimant, Meta Platforms, Inc. (represented by Lehotsky Keller Cohn LLP & Greenberg Traurig LLP) and Respondents, Sarah Wynn-Williams (having failed to appear after notice was provided by email sent to her last known email address); and Macmillian Publishers and Flatiron Books (collectively, "Macmillian")[1] (represented by Jassy Vick Carolan LLP, but objecting to the jurisdiction of the ICDR/AAA), and governed by the

---

[1] According to their counsel, both are DBAs for Macmillian Publishing Group, LLC.

1

arbitration agreement between Claimant and Respondent Wynn-Williams found in the Severance Agreement dated September 06, 2017.

### CLAIMANT'S APPLICATION FOR EMERGENCY RELIEF

On March 7, 2025, Claimant filed an Emergency Motion seeking interim and emergency measures pursuant to AAA Employment Rule 0-4 concerning the publication of *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism*. On March 10, 2025, the Emergency Arbitrator was appointed and scheduled an emergency telephonic hearing with the parties to occur on March 11, 2025 at 3:15 p.m. (CT) / 4:15 p.m. (ET). On March 11, 2025, the Emergency Arbitrator held the telephonic hearing. Claimant, through its counsel, appeared and presented oral argument. Respondent Wynn-Williams did not appear, despite notice being provided by email. Respondent Macmillian, through its counsel, did specially appear (while preserving its objections to jurisdiction) and was provided the opportunity to be heard, and argued, among other points, that the Emergency Arbitrator did not have jurisdiction over Respondent Macmillian, and that Respondent Macmillian should not be specifically named in this award.

On March 12, 2025 at 11:16 a.m. (ET), the Emergency Arbitrator informed the parties that he would provide Respondent Wynn-Williams additional time until 9:00 a.m. (ET) on March 13, 2025 to file any written objection to Claimant's Motion. Shortly thereafter at 12:19 p.m. (ET), Claimant provided the Arbitrator and the parties additional evidence regarding Respondent Wynn-Williams knowledge of the proceedings. On the morning of March 12, 2025, Respondent Wynn-Williams apparently appeared on a popular podcast where she discussed her book and Claimant's attempts to "shut this book down." The Emergency Arbitrator will consider Claimant's March 12 submission of the podcast's partial transcript as a further exhibit in support of its Emergency

2

Motion. Accordingly, the Emergency Arbitrator finds that Respondent Wynn-Williams is on notice of this emergency proceeding.

The Emergency Arbitrator will not wait to issue a ruling until after 9:00 a.m. (ET) on March 13, 2025, as that delay is unnecessary, and strikes his March 12 order.

### EMERGENCY ARBITRATOR'S FINDINGS

The Emergency Arbitrator finds that he has jurisdiction over the dispute between the signatory parties, Claimant and Respondent Wynn-Williams.

The Emergency Arbitrator finds that Respondent Wynn-Williams received reasonable notice and a reasonable opportunity to be heard but did not appear at the emergency hearing. Accordingly, the Arbitrator determines that Rule O-3 has been satisfied.

The Emergency Arbitrator makes no factual findings as to Respondent Macmillian.

The Emergency Arbitrator finds that, after reviewing the briefs and hearing oral argument, Claimant has established a likelihood of success on the merits of its contractual non-disparagement claim against Respondent Wynn-Williams, and that immediate and irreparable loss will result in the absence of emergency relief.

For the reasons stated above, I award as follows:

### INTERIM AWARD

The Emergency Arbitrator grants the Claimant's application for emergency relief and enjoins Respondent Wynn-Williams, her agents, servants, employees, attorneys, and any other person(s) or entities for which she controls as follows:

1. from making orally, in writing, or otherwise any "disparaging, critical or otherwise detrimental comments to any person or entity concerning [Meta], its officers, directors or employees; the products, services or programs provided or to be provided by [Meta];

3

the business affairs, operation, management or the financial condition of [Meta]; or the circumstances surrounding [her] employment and/or separation of employment from [Meta]," except as permitted by Sections 4 and 9 of the Severance Agreement and regardless of whether Ms. Wynn-Williams believes her statements are true or false;

2. from further promoting *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism* on a book tour or otherwise, including with respect to electronic and audio versions of the book;

3. to the extent within Respondent Wynn-Williams' control, from further publishing or distributing *Careless People: A Cautionary Tale of Power, Greed, and Lost Idealism*, including with respect to electronic and audio versions of the book;

4. to the extent within Respondent Wynn-Williams' control, from amplifying or repeating in any forum all such previous "disparaging, critical or otherwise detrimental comments," regardless of whether Ms. Wynn-Williams believes her statements are true or false;

5. to the extent within Respondent Wynn-Williams' control, retract all such previous "disparaging, critical or otherwise detrimental comments" from all forums, including online, on which they appear.

Nothing in this order shall be construed to "prevent or prohibit" Respondent Wynn-Williams from "filing a claim with a federal, state, or local government agency that is responsible for enforcing a law on behalf of the government," as authorized by Section 4 of the Severance Agreement. Nothing in this order shall be construed to "deter or prevent" Respondent Wynn-

4

Williams from "cooperating with or providing information to such a governmental agency during the course of its investigation or during litigation," as authorized by Section 4 of the Severance Agreement. *Id.* And nothing in this order shall be construed to prohibit Respondent Wynn-Williams from giving "any testimony … truthfully under oath or as required by any other legal proceeding," as authorized by Section 9 of the Severance Agreement.

The Emergency Arbitrator's fees shall be borne by Claimant, pursuant to the terms of the arbitration agreement.

This Interim Award shall be binding on the parties and shall remain in effect until and unless modified or vacated by the merits tribunal, once appointed.

I hereby certify that, for the purposes of Article I of the New York Convention of 1958, on the recognition and Enforcement of Foreign Arbitral Awards, this Interim Award was made in Los Angeles, California, United States of America.

Dated: March 12, 2025

Nicholas A. Gowen,
Emergency Arbitrator

State of Illinois            )
                             )   SS:
County of Cook               )

I, Nicholas A. Gowen, do hereby affirm upon my oath as Emergency Arbitrator that I am the individual described in and who executed this instrument, which is my Interim Award.

3/12/2025

Date

Nicholas A. Gowen, Emergency Arbitrator

5

State of Illinois        )
                               )   SS:
County of Cook       )

On this 12th day of March, 2025, before me personally came and appeared Nicholas A. Gowen, to me known and known to me to be the individual described in and who executed the foregoing instrument and he acknowledged to me that he executed the same.

Notary Public

OFFICIAL SEAL
GRACIELA BALDERAS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 5/30/2025

6